**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 12 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

HEATHER HAGADORN,

      Plaintiff-Appellant,

v.

M.F. SMITH & ASSOCIATES, INC.,
a New Jersey corporation,

      Defendant-Appellee.

No. 97-1446
(D.C. No. 96-B-655)
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **BRORBY** , **BRISCOE** , and **LUCERO** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Heather Hagadorn brought this action against her former employer, M.F. Smith & Associates, Inc. (M.F. Smith or defendant), alleging violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-19, and asserting state law claims for breach of contract and promissory estoppel. On cross-motions for summary judgment, the district court granted judgment in favor of M.F. Smith on all claims. Hagadorn appeals only the court's grant of summary judgment on her FLSA claim.

We review the district court's grant of summary judgment de novo, applying the same legal standard the district court used pursuant to Fed. R. Civ. P. 56(c). *See Wolf v. Prudential Ins. Co.*, 50 F.3d 793, 796 (10th Cir. 1995). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c). "When applying this standard, we examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment." *Wolf*, 50 F.3d at 796 (quotation omitted). Summary judgment "necessarily implicates the substantive evidentiary standard of proof that would apply at the trial on the merits." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Consequently, summary judgment in favor of a party is not appropriate where the

evidence presented is insufficient "to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Applying these rules to the matter before us, we reverse and remand for further proceedings.

M.F. Smith provides on-site computer consulting services to its clients. It hired Hagadorn in August 1994, and from that time until September 15, 1995, she worked on an M.F. Smith project at US West in Denver. On completion of the US West project, M.F. Smith did not have additional work for Hagadorn, and it furloughed her effective October 16, 1995, indicating that she would be rehired if new work for her became available before December 31, 1995. Shortly after Hagadorn was furloughed, M.F. Smith claimed it learned she had removed a computer from US West's premises and had contacted US West about employment, which was in violation of her employment contract. M.F. Smith terminated her effective October 24, 1995.

In her FLSA claim, Hagadorn contends that she was an hourly employee and seeks overtime compensation for 522.5 hours she worked for which she was paid straight time. M.F. Smith claims that she was a salaried administrative employee exempt from the FLSA and not entitled to overtime pay.

Generally under the FLSA, an employer must pay an employee overtime pay at one and one-half times the employee's regular rate of pay for all hours worked in a given week in excess of forty hours. *See* 29 U.S.C. § 207(a)(1). The FLSA exempts from its overtime pay requirements "any employee employed in a bona fide executive, administrative, or professional capacity." *Id.* § 213(a)(1). The FLSA does not define the "administrative" exemption, but regulations issued by the Department of Labor do. Generally, these regulations "are entitled to judicial deference, and are the primary source of guidance for determining the scope and extent of exemptions to the FLSA." *Spradling v. City of Tulsa*, 95 F.3d 1492, 1495 (10th Cir. 1996) (citation omitted). Exemptions to the FLSA are to be narrowly construed, and the burden of proving an exemption is on the employer. *See id.; Aaron v. City of Wichita*, 54 F.3d 652, 657 (10th Cir. 1995). Moreover, the employer's burden is heightened beyond the usual preponderance standard, such that the employer must show that the employee fits "plainly and unmistakably" within the exemption's terms. *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 392 (1960); *see also Aaron*, 54 F.3d at 657 ("An employer must prove that the employee is exempt by 'clear and affirmative' evidence.") (quotation omitted).

The FLSA provides both a "long" and a "short" test for determining whether an employee falls within the administrative exemption. *See* 29 C.F.R.

§ 541.2; *see generally Shaw v. Prentice Hall Computer Publ'g, Inc.*, 151 F.3d 640, 642 (7th Cir. 1998); *Reich v. John Alden Life Ins. Co.*, 126 F.3d 1, 8 (1st Cir. 1997); *Douglas v. Argo-Tech Corp.*, 113 F.3d 67, 70 (6th Cir. 1997). Because it is undisputed that Hagadorn was paid more than $250 a week, the short test applies here. *See, e.g.*, *John Alden*, 126 F.3d at 8; *Douglas*, 113 F.3d at 70. Under the short test, the employer must prove (1) that the employee's primary duty consists of the "performance of office or nonmanual work directly related to management policies or general business operations of his employer or his employer's customers," 29 C.F.R. § 541.2(a)(1); (2) that the employee "customarily and regularly exercises discretion and independent judgment," *id.* § 541.2(b); and (3) that it paid the employee on a "salary or fee basis," *id.* § 541.2(e)(1). *See also Shaw*, 151 F.3d at 642-43; *Douglas*, 113 F.3d at 70-71. Dividing the short test further, the first two requirements are generally referred to as the "duties" test, and the third as the "salary" test. Hagadorn challenges the district court's conclusion that M.F. Smith met its burden of proof on both tests. We turn to the duties test first.

While at US West, Hagadorn worked primarily on a project designed to reuse computer hardware and software as part of an effort by US West to consolidate its facilities. She worked with US West teams to locate hardware at various facilities, identify its capabilities, and propose plans for reconfiguring,

moving, and reusing the hardware at other locations. She also identified the client's needs and requirements for software inventory. Additionally, she helped develop the overall project plan for the US West consolidation project and prepared reports and conducted weekly conferences on its progress. The district court noted that her description of her duties was almost identical to an example provided in the regulations of an exempt administrative consultant whose duties were directly related to the employer's business operations, as required by the duties test:

> The particular employee is employed by a firm of consultants and performs work in which he customarily and regularly exercises discretion and independent judgment. The work consists primarily of analyzing, and recommending changes in, the business operations of his employer's client. This work falls in the category of exempt work described in § 541.2.

29 C.F.R. § 541.208(b)(1).

On appeal, Hagadorn does not attempt to explain how her work differed from the example above on which the district court relied. Instead, she contends only that M.F. Smith's evidence failed to show that her *primary* duties were administrative. We find her contention unpersuasive. She admitted that the duties in connection with reusing hardware described above were the "main functions of my job. I probably did other things, but I don't know how significant they were." Appellant's App. at 76 (Hagadorn dep. at 29). Thus, we agree with the district court that her administrative duties were clearly her primary duties,

*see* 29 C.F.R. §§ 541.206, 541.103, and that M.F. Smith met its burden under the duties test.

To meet its burden under the salary test, an employer is required to demonstrate that the employee "'regularly receives each pay period . . . a predetermined amount constituting all or part of his compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed.'" *Aaron*, 54 F.3d at 658 (quoting 29 C.F.R. § 541.118(a)). Hagadorn contends that she was an hourly employee who received no predetermined amount each pay period. M.F. Smith contends, and the district court found, that she was a salaried employee paid a predetermined amount each pay period, although that amount was permissibly exceeded by paying her straight time on an hourly basis for time she worked exceeding the minimum 37.5 hours required each pay period. We conclude that the evidence falls short of "plainly and unmistakably" showing that M.F. Smith paid her a predetermined amount each pay period.

The only evidence M.F. Smith submitted directly indicating that it paid Hagadorn a predetermined amount was (1) an affidavit stating that it paid her an initial base salary of $45,000 a year that was later increased to $48,500, and (2) a memorandum indicating the same annual salary information. The memorandum contained the handwritten notation "$24.88/hr." Defendant explains that it

-7-

computed this hourly amount by dividing the $48,500 salary by 52 weeks and then by 37.5 hours to determine Hagadorn's regular salary rate on an hourly basis. It then used this hourly amount to pay Hagadorn on a straight time basis for hours worked (or billed to the client) that exceeded the standard 37.5 hour work week. (The corresponding hourly rate when her salary was $45,000 was $23.08.) Hagadorn counters, through her testimony and affidavit, that she was not paid on a salary basis, but only on an hourly basis for only the hours she worked.

Both sides point to Hagadorn's pay statements, time sheets and related documents to support their positions, but these documents are confusing and ambiguous. Critically, the pay statements fail to indicate that Hagadorn was paid any predetermined amount for each pay period. The pay statements simply show the number of work and holiday hours for which Hagadorn is being paid and the corresponding gross and net pay amounts--based on the appropriate hourly rates-- along with various deductions. The statements do not separate the regular, minimum required hours for which M.F. Smith contends Hagadorn was being paid, i.e., 37.5 hours per week, from any overtime hours. All hours are lumped together and multiplied by the hourly rate to arrive at her gross pay. Moreover, considering time worked and holiday pay, Hagadorn was never paid for fewer

than what apparently was the regular, minimum required hours per pay period. [1]

Had she been, and had she then been paid the predetermined amount, the pay statements would support M.F. Smith's position. In short, the only thing the pay statements necessarily show is that Hagadorn's gross pay each period was based on her compensable hours times her hourly rate. They do not show that her regular pay was a "predetermined amount . . . not subject to reduction because of variations in the . . . quantity of the work performed." 29 C.F.R. § 541.118(a).

---

[1]    We say "apparently" here because the pay statements and time sheets account for Hagadorn's time on a basis different from the 37.5 hours per week standard. The pay statements and time sheets reflect her time on a semi-monthly basis, covering the first through the fifteenth and then the remainder of each month. This semi-monthly accounting does not directly correlate to the 37.5 hours per week or even 75 hours per two weeks standard. On a semi-monthly basis, the regular number of hours per pay period would appear to be either 81.25 (on a 37.5 hour per week basis) or 86.67 (on a 40 hour per week basis). The only time the record shows that she was paid for fewer than 92.25 hours in a semi-monthly pay period was for the period ending August 15, 1994, for which she was paid 81.75 hours. Her gross pay for this period, as for all other periods, was based on her hourly rate ($23.08) times the number of hours (81.75). *See* Appellant's App. at 230.

Referring to this same exhibit, M.F. Smith argues that "during those pay periods in which plaintiff's billings were *below* defendant's standard seventy-five hours for a two week period, (e.g. week of 11/30/94 reflecting 72.5 hours,) plaintiff *still* received compensation exceeding the aforestated minimum level." Appellee's Br. at 14. We note, however, that the 72.5 hours represent *billable* hours, which is not necessarily the same as time worked, and that Hagadorn was paid for 96 hours during this period, which included the Thanksgiving holiday. Her gross salary for this period was based on the 96 hours at her hourly rate.

Relying on our decisions in *Aaron* and *Spradling*, M.F. Smith argues that the fact that it paid Hagadorn on an hourly basis when she worked more than the required minimum does not mean that it did not pay her on a salary basis. That is true, but irrelevant. As we stated in *Aaron*, "[s]ince overtime is not inherently inconsistent with one's status as a salaried employee, the fact that the [employees'] paystubs indicated the number of hours covered is also not inconsistent with salaried status. Such an accounting of hours is necessary to compute overtime compensation." 54 F.3d at 658; *see also Spradling*, 95 F.3d at 1500. But neither *Aaron* nor *Spradling* help M.F. Smith show that it paid Hagadorn on a salary basis in the first place. The fact that the employees received a predetermined base amount of salary was not disputed in either case. *See Aaron*, 54 F.3d at 658 ("The City claims, and the firefighters do not dispute, that the chiefs and captains were paid a predetermined amount constituting at least part of their compensation."); *Spradling*, 95 F.3d at 1500 ("Plaintiffs each received a predetermined amount of pay based upon where each fell in the City's applicable classification and pay schedule."). The question in each case was the effect of the hourly-based payments above the predetermined amounts. In

-10-

contrast, M.F. Smith has failed to demonstrate the preliminary fact that Hagadorn received a regular, predetermined base amount. [2]

In sum, there is evidence showing that M.F. Smith paid Hagadorn a predetermined salary and, permissibly for FLSA purposes, supplemented that salary by paying her overtime on a straight time basis. However, the evidence can also reasonably be viewed as demonstrating that M.F. Smith paid Hagadorn on a

---

[2] Defendant also argues that "in the absence of plaintiff pointing to a pay period in which she received less than her fixed salary, she cannot effectively argue that her compensation basis failed to meet the criteria of the salary test." Appellee's Br. at 14. Again, defendant incorrectly presupposes that it has proven, sufficient for summary judgment purposes, that it paid Hagadorn a "fixed salary." Furthermore, the fact that it never paid Hagadorn less than what it contends would have been her "fixed salary" does not support its contention that it necessarily paid her a regular, predetermined amount per pay period. That amount must not be "subject to reduction" due to the quantity of work performed. *See* 29 C.F.R. § 541.118(a). Defendant's evidence does not show that, had she worked less than the standard requirement, she would not have received a reduction in pay.

We do agree with defendant, and the district court, that the fact that defendant did not pay Hagadorn for the weeks in which she was furloughed due to its lack of work does not mean that she was not paid on a salary basis, as she contends. Her argument is based on 29 C.F.R. § 541.118(a)(1), which states in part: "An employee will not be considered to be 'on a salary basis' if deductions from his predetermined compensation are made for absences occasioned by the employer or by the operating requirements of the business." Hagadorn, however, did not perform *any* work during the weeks in which she was furloughed, and the district court correctly found this situation governed by § 541.118(a). That section provides that, to be considered on a salary basis, "the employee must receive his full salary for any week *in which he performs any work* without regard to the number of days or hours worked. This policy is also subject to the general rule that an employee need not be paid for any workweek in which he performs no work." (Emphasis added.)

-11-

straight hourly basis without regard to any regular, predetermined amount per pay period. As a result, M.F. Smith failed to meet its burden of showing "plainly and unmistakably" that it paid Hagadorn on a salary basis and therefore qualified for the administrative exemption. The district court erred in granting summary judgment in defendant's favor.

Hagadorn contends that not only was the district court's award of summary judgment in defendant's favor unwarranted, but that the court actually should have granted summary judgment in her favor. There are disputed facts regarding whether defendant paid her on a salary basis as the exemption to the FLSA requires, and we cannot say on this record that defendant cannot meet its burden. We therefore decline to order judgment in her favor.

The summary judgment entered in favor of M.F. Smith on Hagadorn's FLSA claim is REVERSED, and the case is REMANDED for further proceedings consistent with this order and judgment.

Entered for the Court


Mary Beck Briscoe
Circuit Judge